Morris & Samuel Meyers, of New York City, for appellants.
Jacob Manheim, of New York City, for respondent.

GUY, J.  The action was brought to recover for the breach of an alleged contract of employment for one year at $50 a week.  The answer denied the contract as pleaded, and set up a conditional contract, for the alleged breach of which, as well as for other alleged improper conduct, it averred plaintiff was discharged.

Defendant moved, among other things, for a bill of particulars as to whether said contract was oral or in writing, and, if in writing, for a copy thereof.  Either party is entitled to know whether the alleged contract under which his opponent claims, when its terms are in dispute, is oral or in writing, and, if the latter, to have a copy thereof.  Cozzens v. American General Engineering Co., 126 App. Div. 942, 111 N. Y. Supp. 350; Alleghany Iron Co. v. Chesapeake & O. R. Co., 69 App. Div. 87, 88, 74 N. Y. Supp. 514.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.  All concur.

---

(164 App. Div. 865)
### SCHOWERER v. NEW JERSEY & N. Y. R. CO.

(Supreme Court, Appellate Division, Second Department.  December 4, 1914.)

MASTER AND SERVANT (§ 137*)—DEATH OF SERVANT—NEGLIGENCE—SIGNALS
—DUTY TO GIVE.

> The conductor of a freight train having placed his train on a siding to permit the passage of a following passenger train, which he knew was then due to arrive according to its schedule, started to cross the main track from the pilot of his locomotive to the station, when he was struck by the passenger train and killed.  *Held*, that the engineer of the passenger train owed no duty to decedent to give signals of the passenger train's arrival on schedule, and was not negligent in failing to do so.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278;  Dec. Dig. § 137.*]

Appeal from Trial Term, Rockland County.

Action by Ida C. Schowerer, as administratrix of George Schowerer, deceased, against the New Jersey & New York Railroad Company.  From a judgment in favor of plaintiff, and from order denying plaintiff's motion for a new trial, she appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Sydney A. Syme, of Mt. Vernon, for appellant.
Henry Bacon, of Goshen, for respondent.

PER CURIAM.  A freight train bound north went upon a siding at Pearl River, so as to clear the main track for an overtaking passenger train.  Before the freight train stopped, the decedent, the freight conductor, stepped from the pilot of his locomotive and attempted to cross the main track to reach the station, when he was struck by the

---

passenger train for which he had just vacated the main tracks. The freight conductor was doing a customary thing in taking the siding. He did it to yield the right of way to the other train, and he knew its scheduled time of arrival. The complaint, however, charged defendant with negligence, in that no signals were given by the engineer of the approaching train.

But was there such a duty to signal to this freight conductor? Should the engineer by signals say to the conductor that his passenger train was coming? This decedent was already under standing orders to clear the track to make way for this passenger train, which arrived substantially as scheduled. Railway companies are to act rationally; but if the oncoming train is keeping its appointment, its engineer is not required to whistle to a freight conductor, who is bound to be vigilant, obey orders, and have his train, as well as his crew, off the main track at the passenger train's approach. Whistles or other signals may be required toward railroad employés on its track, when it may be reasonably foreseen that otherwise its workmen may be caught unawares in a place of danger. Blanchard v. D., L. & W. R. R. Co., 211 N. Y. 79, 105 N. E. 90. The basis for such obligation fails, however, as to the conductor of a freight train, which is already on the siding to let pass a regular train, which arrives substantially on schedule time. The demand made on the railway company for signals in the present case ignores the very fact that the freight conductor's duty involved perfect knowledge that this overtaking train would come at the instant when he placed himself in its way.

The judgment and order should be affirmed, with costs.